IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KIMBERLY A. HOPKINS**,<br>Plaintiff,<br><br>v.<br><br>**KILOLO KIJAKAZI**, Acting Commissioner of Social Security,[1]<br><br>Defendant. | Case No. 3:20-cv-00415-IM<br><br>**ORDER** |

H. Peter Evans, Evans & Evans, PC, 222 NE Park Plaza Drive, Suite 113, Vancouver, WA 98684. Attorney for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Lars J. Nelson, Special Assistant United States Attorney, Office of General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Plaintiff brought this action seeking review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for Disability Insurance Benefits ("DIB"). On August 30, 2021, this Court reversed the Commissioner's decision, concluding that the

---

[1] Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration, is substituted for Andrew Saul as Defendant. *See* Fed. R. Civ. P. 25(d).

PAGE 1 – OPINION AND ORDER

Administrative Law Judge ("ALJ") had erred in failing to consider post-January 2017 medical records and Plaintiff's testimony regarding her right middle trigger finger condition. ECF 18 at 19. This Court also held that the ALJ erred in failing to consider the opinion of Dr. Kim Webster, but concluded that such error was harmless. *Id*. at 7.

Plaintiff now seeks an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF 20. Defendant opposes the motion, arguing that the Commissioner's decision was substantially justified or, alternatively, that the fees request is unreasonably high in light of Plaintiff's limited success. ECF 23. Plaintiff seeks $10,598.11.[2] ECF 24 at 8.

For the following reasons, Plaintiff's application is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded $9,538.30 in EAJA fees.

### A. Substantially Justified

EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Defendant does not dispute that Plaintiff was the prevailing party. The burden is on the government to show that the Commissioner's position was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Although "Congress did not intend fee shifting [under EAJA] to be mandatory," "EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). To establish that its position was substantially

---

[2] Plaintiff originally sought $8,621.01 but requested an addition $1,977.10 for work done responding to Defendant's opposition. ECF 24 at 7–8.

PAGE 2 – OPINION AND ORDER

justified, the government must show that its position has a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial justification means "justified in substance or in the main—that is, justified to a degree that would satisfy a reasonable person." *Id*. (internal quotation marks and citations omitted).

The "position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (internal quotation marks and citation omitted). "Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified." *Id*. (internal quotation marks, alteration, and citation omitted).

Defendant argues that its defense of this matter had a reasonable basis in fact and law because it was reasonable to "assum[e] the undiscussed evidence was not significant and probative, and that further discussion and/or development was unnecessary." ECF 23 at 4. This Court's earlier Opinion made clear that "[t]he ALJ engaged in a through discussion of Dr. Kretzler' October 4, 2018 treating source opinion and effectively adopted it" and that "[t]he ALJ's interpretation [of that report] was certainly reasonable." ECF 18 at 18. But regardless of whether the ALJ's reliance on Dr. Kretzler's report was reasonable, "[a]n RFC must also reflect a proper analysis of a plaintiff's symptom testimony and credibility." *Id*. at 19. This is where Defendant's position lacks a reasonable basis in law and fact. Plaintiff had testified at her hearing that she was unable to grip the steering wheel for driving or use her right hand for tasks such as putting dishes in a dishwasher, and that if she makes her right hand into a fist, her middle finger will lock into place and the rest of her hand will become inflamed. AR 53–54, 62, 64. And while the ALJ noted an effective January 2017 injection treatment, the ALJ failed to note that Plaintiff

PAGE 3 – OPINION AND ORDER

told Dr. Kretzler in July 2017 that the injection had only been effective for one month. AR 493–94, and that in April 2018 another physician noted that she could not fully flex her right middle finger, AR 538. Defendant was not reasonable in defending the ALJ's failure to consider significant and probative medical evidence and Plaintiff's subjective symptom testimony.

**B. Amount of Fee Award**

Plaintiff seeks $10,598.11 in fees. ECF 24 at 8. This amount reflects the $8,621.01 originally sought and an additional $1,977.10 in fees for fee litigation. *Id*. at 7–8. Defendant argues that, even if this Court finds its position was not substantially justified, a reduction in fee amount is warranted because of the limited nature of the remand and suggests a ten percent fee reduction. ECF 23 at 6–7.

Even when a plaintiff proves that the Commissioner's position was not substantially justified, "[i]t remains for the district court to determine what fee is 'reasonable,'" and the burden is on the fee applicant to establish its entitlement to the fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983); *see Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (applying *Hensley* to EAJA fees). The district court "can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Id*. at 1136 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

This Court exercises its discretion to reduce Plaintiff's EAJA fee award by ten percent and awards $9,538.30.[3] This reduction reflects the limited nature of Plaintiff's victory—this

---

[3] This amount incorporates the fees Plaintiff seeks in litigating the EAJA fees motion, so called fees for fee litigation. This Court acknowledges that "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165 n.10 (1990). But "*Jean* stands for the proposition that fees for fee litigation should be denied only for time spent defending rates that were reduced, whereas time spent defending rates that the Court ultimately finds reasonable [are] compensable."

PAGE 4 – OPINION AND ORDER

Court found no error on three of the issues Plaintiff presented, harmless error on one issue, and remanded on one narrow issue.

## CONCLUSION

Plaintiff's Application for Fees Pursuant to EAJA under 28 U.S.C. § 2412(d), ECF 20, is GRANTED IN PART and DENIED IN PART. This Court awards Plaintiff $9,538.30. Attorney's fees and costs will be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorney and mailed to Plaintiff's attorney's office as follows: H. Peter Evans, 222 NE Park Plaza Drive, Suite 113, Vancouver, WA 98684. If Plaintiff has a debt, then the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorney's office at the address stated above.

**IT IS SO ORDERED**.

DATED this 6th day of June, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

*Kenneth A. v. Berryhill*, Case No. 3:17-cv-01575-JR, 2019 WL 377613, at *7 (D. Or. Jan. 30, 2019). Because this Court awards Plaintiff fees under EAJA, Plaintiff is also entitled to reasonable compensation for time spent litigating those fees.